# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| SAQUOIA K. MCCOVEY;<br>LOUIS B. MENEJURUN;<br>   821 N. EUCALYPTUS AVE, APT 18<br>INGLEWOOD, CA 90302<br>         Plaintiff(s)<br><br>        v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>         Defendant(s). | Civil Action No 1:23-cv-3339 |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Brian Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3501 W Alogonquin, #200, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: brian@jeelani-law.com.

# INTRODUCTION

COME NOW SAQUOIA MCCOVEY (hereinafter "Plaintiff SAQUOIA" or collectively "Plaintiffs") and LOUIS BAWO MENEJURUN (hereinafter "Plaintiff LOUIS" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff SAQUOIA is the U.S. citizen spouse of Plaintiff LOUIS, a national of Nigeria. On May 18, 2018, Plaintiff SAQUOIA lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for her spouse to become a permanent resident of the United States. On the same date, Plaintiff LOUIS timely, completely, and lawfully filed Form I-485, Application to Register or Adjust Status, and paid the associated fees, to apply for the resulting benefit from his spouse's Petition. On March 2, 2021, the Petitioner and Application were denied. On September 6, 2022, the Board of Immigration Appeals remanded the Petition and Application to USCIS for reevaluation. This action is brought as a result of Defendants' failure to reevaluate and adjudicate Plaintiff SAQUOIA's Form I-130, Petition for Alien Relative and Plaintiff LOUIS' Form I-485, Application for Adjustment of Status ("Application" or collectively "Forms"), within a reasonable period of time. The Forms have been awaiting reevaluation for 14 months (over 14 months or 405 days) without any resolution. The Forms have been awaiting adjudication for 60 months (over 60 months or 1350 days) without any resolution. The Plaintiffs have a clear right to the reevaluation and adjudication of the Forms in a timely manner. The final adjudication of the Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. The delay in making a decision on Plaintiffs' Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3. Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Forms as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the pending Forms.

## PARTIES

5. Plaintiff SAQUOIA is a resident of Los Angeles County, California, and a U.S. citizen. She is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming her spouse, Plaintiff LOUIS, as the beneficiary.

6. Plaintiff LOUIS is a resident of Los Angeles County, CA, and a citizen of Nigeria. He is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by his U.S. Citizen spouse, Plaintiff SAQUOIA. The pending Form I-130 allows beneficiary qualification for Plaintiff LOUS to adjust his status to a permanent resident of the United States. Plaintiff LOUIS is also the applicant of a Form I-485, Application for Adjustment of Status.

7. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

12. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Forms including an appeal of the final decision. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS directly and with their Congresswoman, Maxine Waters.

13. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Forms.

14. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15. On May 18, 2018, Plaintiff SAQUOIA filed, and paid the required government fees for Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff LOUIS, as a beneficiary (Receipt# MSC1891138891) with USCIS. **[EXHIBIT A].**

16. Concurrently with the aforementioned Petition, Plaintiff LOUIS filed, and paid the required government fees for Form I-485, Application to Adjust Status, with USCIS (Receipt# MSC1891138892).

17. On March 20, 2020, Plaintiffs' case was referred to the USCIS Fraud Detection and National Security Unit.

18. On September 23, 2020, Plaintiffs appeared for their interview before a USCIS officer.

19. On October 29, 2020, USCIS issued a notice of intent to deny.

20. On March 2, 2021, USCIS issued a denial of the Petition and Application.

21. On March 20, 2021, Plaintiffs appealed the decision with the Board of Immigration Appeals.

22. On March 24, 2022, the Board of Immigration Appeals remanded the case back to USCIS for reevaluation.

23. Since the March 24, 2022, USCIS has made no further requests for evidence or information from the Plaintiffs and neither has a decision been rendered on the Plaintiffs' Forms.

24. Plaintiffs have made numerous inquiries over the past one year and seven months, since the date of their case being sent back to USCIS for reevaluation.

25. Plaintiffs' inquiries have not resulted in any meaningful response from USCIS.

26. Plaintiffs' Forms now continue to be pending with USCIS for a total time of over five years and 4 months (over 60 months or 1350 days).

27. The delay in making a decision on the Plaintiffs' Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

28. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2018 of 7.6 months for the adjudication of Form I-130. Plaintiff SEQUOIA's

Form I-130 has been pending for over 60 months, which is seven and a half times the historical average processing time as reported by USCIS.[1]

29. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2018 of 10.2 months for the adjudication of Form I-485. Plaintiff LOUIS's Form I-485 has been pending for over 60 months, which is over five and a half times the historical average processing time as reported by USCIS.[2]

30. Defendants have refused to provide further explanation which would merit the need for over 60 months (over 5 years and 4 months or 1350 days) of processing time.

31. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending adjudication.

32. Plaintiff SAQUOIA has been deprived of the right she has as a U.S. citizen to qualify her spouse to become a permanent resident of the United States.

33. Plaintiff LOUIS has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

34. Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' Forms within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

35. All prior paragraphs are re-alleged as if fully stated herein.

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

36. Plaintiff SAQUOIA has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

37. Defendants have a duty to adjudicate Plaintiff SEQUOIA's Petition within a reasonable period of time under 5 U.S.C. §555(b).

38. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

39. No other adequate remedy is available to Plaintiffs.

40. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Forms.

41. The delay in making a decision on Plaintiff's Form I-130 extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

42. Given the Defendants' lack of a reason for not making a decision on Plaintiff SAQUOIA's Petition for over four years and nine months (over 57 months or 1757 days), her Form I-130 has been pending for an unreasonably long period of time.

43. Defendants have failed in their statutory duty to adjudicate Form I-130, Petition within a reasonable period of time.

44. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff SAQUOIA's Petition for Alien Relative and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff SAQUOIA's case.

45. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate

Plaintiff SAQUOIA's Form I-130, thereby depriving Plaintiffs of the rights to which they are entitled.

46. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff SAQUOIA has been denied the right to petition for her spouse to become a lawful permanent resident of the United States. Further, Plaintiff LOUIS has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA- FORM I-485

47. All prior paragraphs are re-alleged as if fully stated herein.

48. Plaintiff LOUIS has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

49. Defendants have a duty to adjudicate Plaintiff LOUIS' Application within a reasonable period of time under 5 U.S.C. §555(b).

50. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

51. No other adequate remedy is available to Plaintiffs.

52. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Forms.

53. Given the Defendants' lack of a reason for not making a decision on Plaintiff LOUIS' Application for over five years and four months (over 60 months or 1350 days), Plaintiff's Application has been pending for an unreasonably long period of time.

54. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

55. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff LOUIS' Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff LOUIS' case.

56. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff LOUIS' Application, thereby depriving Plaintiff of the rights to which he is entitled.

57. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff SAQUOIA has been denied the right to petition for her spouse to become a permanent resident of the United States. Furthermore, Plaintiff LOUIS has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

    1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Forms.

    2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Forms immediately.

    3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  11/6/2023	Respectfully submitted,

    /s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**JEELANI LAW FIRM, PLC**
**3501 W Algonquin, #200**
**Rolling Meadows, IL 60008**
**brian@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*